UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VANESSA R. GUERIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05CV1213 CDP |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the Commissioner's final decision denying plaintiff Vanessa R. Guerin's request for waiver of overpayment of disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et seq. Guerin does not dispute that she was overpaid but she claims that the overpayment was not her fault and therefore she should be granted a waiver from repayment. The Administrative Law Judge, however, found that Guerin was at fault and denied waiver. Because I find that the ALJ did not fully and fairly develop the record before denying waiver, I will reverse the decision and remand to the Commissioner for another hearing.

## **Procedural History**

On November 5, 1990, Guerin filed for Disability Insurance Benefits which she was eventually granted and continued receiving until November of 2000. On November 21, 2000, the Social Security Administration informed Guerin that it believed her disability had ended as of November 1999. The SSA determined that Guerin had incurred an overpayment in the amount of $6,433.00 over the period between November 1999 and November 2000. Guerin requested a waiver of the collection of the overpayment which was denied initially on May 4, 2001, and denied again on reconsideration on April 7, 2003. Guerin then requested a hearing before an Administrative Law Judge regarding the overpayment. The short hearing occurred on September 7, 2004, and Guerin was not represented. The ALJ denied the waiver of overpayment in a decision issued on October 28, 2004. On June 9, 2005, the Appeals Council denied Guerin's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final determination of the Commissioner.

Additionally, Guerin filed a Title II application for disability insurance benefits on May 12, 2004. The SSA initially denied her benefits, but in a decision issued on June 20, 2005, an ALJ issued Guerin a fully favorable decision without the necessity of a hearing.

## Evidence Before the Administrative Law Judge

Guerin began working part-time in telemarketing in June of 1997. She reported her employment and wages earned on the Report of Work Activity that she completed for the Social Security Administration in July of 1999. Guerin does not dispute any of the earnings information before the ALJ. On October 20, 1999, Guerin received a letter from the SSA stating that its recently-completed review of her disability claim found that her disability was continuing. The letter also informed Guerin that she had completed her nine month trial work period as of February 1998 but that the work she had been doing "does not show that you can do substantial work." Attached to the letter was a three-page document titled "Things to Remember." In the middle of the second page of that attachment was a statement that the right to monthly payments will continue if earnings were not over $700 a month beginning in July 1999. The form went on to say that if earnings are more than that, "we call your work substantial and we will stop your monthly payments."

However, around November 21, 2000, the SSA first notified Guerin that it believed her disability had ended and she had received an overpayment in the amount of $6,433.00. In fact, her earnings had already exceeded the $700 limit at the time the SSA sent her the October 20, 1999, letter. The SSA confirmed its

overpayment finding on reconsideration. In an April 7, 2003 letter it explained that Guerin's overpayment was due to work above the substantial gainful activity level and that she was at fault because she failed to notify the SSA in a timely manner of her change in job or earnings in 1999. The SSA also found that Guerin had the ability to repay the amount of overpayment due.

At the short hearing on September 7, 2004, Guerin waived her right to representation and she was questioned by the ALJ. When asked whether there was anything Guerin would like to add to her file, she produced notices from the SSA that were already part of the file, and documents on her pending Social Security claim for benefits. Guerin testified that a hearing had not yet been set for her pending benefits claim, but that she had not worked since January 2003. Because Guerin had not seen her SSA file prior to the hearing, the ALJ took a break to allow her time to review it. Following the break, Guerin testified that she believed that she was not at fault in the overpayment of benefits because she submitted her work information to the SSA and then received the October 1999 letter which stated that she was still eligible for benefits and that the work she was doing was not substantial. Next the ALJ questioned Guerin on how her statement of income and expenses had changed since April of 2001.

When asked a final time whether there was anything not in her file that she thought was important for the ALJ to know, Guerin again referred to her pending appeal for disability benefits filed in May of 2004. The file contains a copy of the application for disability insurance benefits filed by Guerin on November 5, 1990, but there is no documentation on the request for disability benefits pending at the time of the ALJ hearing. The filed transcript of the administrative record, which includes the evidence upon which the Commissioner's findings were based, contains no medical records.

## **Legal Standard**

A court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). Substantial evidence is less than a preponderance, but is enough so that a reasonable mind would find it adequate to support the ALJ's conclusion. Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). As long as there is substantial evidence on the record as a whole to support the Commissioner's decision, a court may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, id., or because the court would have decided the case differently. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992). In determining whether existing evidence is

substantial, a court considers "evidence that detracts from the Commissioner's decision as well as evidence that supports it." Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000) (quoting Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999)).

### **The ALJ's Findings**

The ALJ made the following findings:

1. The claimant received an overpayment of $6,433.00 during the period from November 1999 through November 2000.

2. The claimant was with fault in the receipt of the overpayment of $6,433.00 during the period from November 1999 through November 2000.

3. Waiver of recovery of the overpayment is precluded pursuant to 20 CFR 404.506 and 404.507.

In reaching these findings, the ALJ focused on the issue of whether Guerin was at fault in the overpayment of benefits. The ALJ stated that he had considered the pertinent circumstances surrounding the overpayment in order to determine fault. The ALJ found that Guerin had been engaging in substantial gainful activity during the period in question. Guerin received a letter from the Social Security Administration on October 20, 1999, stating that a review found her disability continuing. However, the ALJ found that further information in the letter put Guerin on notice of the possibility of overpayment and of her lack of rights to additional payments during the period in question. The ALJ stated that there was no medical

evidence in the record that established that Guerin has a physical, mental, educational, linguistic, or any other limitation that significantly affected her ability to understand the applicable requirements or her ability to comply with such agreements and requirements. As a result, the ALJ found Guerin was with fault in the receipt of the overpayment of $6,433.00 and therefore she was not entitled to waiver of recovery.

## **Discussion**

On appeal, Guerin alleges that remand is proper because the ALJ took no steps to gather or consider the evidence, specifically the medical evidence, contained in the two SSA files used in granting disability benefits to Guerin in 1990 and 2005. Guerin asserts that these files are in the possession of the Social Security Administration and that they should have been considered in assessing the physical and mental limitations of Guerin, as required in a determination of fault for overpayment.

A recipient charged with an overpayment can request that the SSA waive her obligation to repay the money. 20 C.F.R. § 404.506 (a) (2005) prohibits recovery of an overpayment that "has been made to an individual who is without fault if adjustment or recovery would either defeat the purpose of title II of the Act, or be against equity and good conscience." Thus, determining fault is central to whether

or not an individual will be granted waiver of an overpayment.

The Social Security regulations explain how fault should be determined:

> In determining whether an individual is at fault, the Social Security Administration will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has.

20 C.F.R. § 404.507 (2006) (emphasis added).

The SSA granted Guerin disability benefits in both 1990 and 2005. The regulations define disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. § 42 U.S.C. 416(i)(1); § 42 U.S.C. 1382c(a)(3)(A); § 20 C.F.R. 404.1505(a); 20 C.F.R. 416.905(a). Based on this definition, I can conclude that the SSA found Guerin to have some type of medically determinable physical or mental impairment.[1] Yet the file in this case contains no medical records, nor did the ALJ question Guerin on her physical and mental limitations in the hearing, despite the fact that he was aware of the pending

---

[1] Included with her brief in support of the complaint Guerin provided copies of the ALJ's June 20, 2005, decision granting disability insurance benefits. In that decision, the ALJ concluded that Guerin has been disabled since September 1, 2003, and that she has myasthenia gravis, rheumatoid arthritis, and hypertension.

claim.

Twice during the hearing Guerin brought to the ALJ's attention her pending disability claim:

    ALJ:    ... Did you have any documentation, ma'am, that you wish to present to me this morning that's not already included in your file?

    CLMT:    Yes. Let's see here. This is [INAUDIBLE] about the income and this is - - I recently filed for a divorce, so they are assisting me because I have no income.

    ALJ:    Okay. These are the notices that we sent out to you - -

    CLMT:    Um-hum.

    ALJ:    - - so we do have those in your file already. Is there any - -

    CLMT:    That's for a new Social Security claim.

    ALJ:    Okay. What's the status of that claim? Is it - -

    CLMT:    It's pending.

. . .

    ALJ:    Anything that you'd like [sic] cover today? Anything that's not in your file or any additional information that you think would be important for me to know about?

    CLMT:    No. Other than the pending appeal for disability.

    ALJ:    And when was that filed?

    CLMT:    In May.

> ALJ: Of this year?
>
> CLMT: Yes, sir.

Also at the hearing, the ALJ told Guerin that she could rely on him to add relevant information to her file since she was unrepresented:

> ALJ: Okay. Just let me go over your rights just to make sure that you understand. You were advised in that letter and the Notice of Hearing that you have the right to be represented and that I must ensure on the record that you understand your rights to representation. As I said, you do have the right to be represented by an attorney or a qualified non-attorney of your choice. ... <u>You also have the right to proceed without a representative. If you do so, I will attempt to obtain any medical or non-medical records that are relevant to your claim</u> and I will question you at the hearing. Do you understand these rights regarding representation?
>
> CLMT: Yes, sir.
>
> ALJ: And do you have any questions about any of those?
>
> CLMT: No, sir.
>
> ALJ: And knowing these things did you wish to proceed today or did you wish to have some additional time to seek representation?
>
> CLMT: I wish to proceed.

In determining fault, the regulations require an examination into the overpaid individual's "age and intelligence, and any physical, mental, educational, or linguistic limitations." 20 C.F.R. § 404.507. The ALJ has a duty of fully and fairly developing the facts of the case on behalf of the Commissioner. Hildebrand v.

Barnhart, 302 F.3d 836, 838 (8th Cir. 2002) (citing Cox v. Apfel, 160 F.3d 1203, 1209 (8th Cir. 1998)). When a claimant is unrepresented by counsel, the ALJ's duty is enhanced. Id. Where an ALJ fails to fully develop the record, it is proper to remand for the taking of additional evidence. Id. (citing Payton v. Shalala, 25 F.3d 684, 686 (8th Cir. 1994)).

I find that the ALJ should have more fully developed the record concerning Guerin's physical and mental limitations. The ALJ did not question Guerin on this topic at the hearing, nor did he consider the other files on record with the SSA concerning Guerin's disability benefits. I believe that Guerin could reasonably expect such an evaluation from the ALJ based on the discussion at the hearing and his duty under the law. The ALJ stated to Guerin that he would attempt to obtain all relevant medical and non-medical records, and Guerin twice pointed out the existence of such records during the hearing. Guerin relied on the ALJ to add the relevant disability records from her 1990 and 2004 claims to her SSA file on overpayment and to consider the relevant evidence from those files in a determination of fault. Because the SSA must have medical and non-medical records in its possession from Guerin's prior disability findings, it would not be burdensome to obtain and consider those documents as well.

Given that a determination of fault under the social security regulations requires an inquiry into physical and mental limitations, Guerin's disability files on record at the Social Security Administration should have been added to the file in this case and considered by the ALJ. The ALJ failed to fully and fairly develop the facts in this case. Therefore, I reverse and remand pursuant to sentence four of 42 U.S.C. § 405(g) for another hearing with directions to more fully develop the record as to the waiver issue in light of the records contained in Guerin's SSA files relating to her 1990 and 2004 requests for disability insurance benefits. See Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000) (finding that remand under sentence four of 42 U.S.C. section 405(g) is proper when the apparent purpose of the remand was to prompt additional factfinding and further evaluation of existing facts).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is reversed and the case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further development of the record as to the issue of waiver in

light of plaintiff's medical and non-medical records already on file with the SSA.

A separate judgment in accord with this Memorandum and Order is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2006.